# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| GAY-LESBIAN-BISEXUAL-TRANSGENDER PRIDE/TWIN CITIES, *doing business as* TWIN CITIES PRIDE, | Civil No. 10-2579 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING INTERVENOR'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING INTERVENOR** |
| MINNEAPOLIS PARK AND RECREATION BOARD, | |
| Defendant, | |
| v. | |
| BRIAN JOHNSON, | |
| Intervenor Defendant. | |

Amy E. Slusser, Barry M. Landy, and Katherine K. Bruce, **ROBINS KAPLAN MILLER & CIRESI LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402-2015; Eileen A. Scallen, **WILLIAM MITCHELL COLLEGE OF LAW**, 875 Summit Avenue, St. Paul, MN 55105, for plaintiff.

Ann E. Walther, Brian F. Rice, and Michael J. Salchert, **RICE, MICHELS & WALTHER, LLP**, 10 Second Street Northeast, Suite 206, Minneapolis, MN 55413, for defendant.

Mark W. Peterson, **MARK W. PETERSON LAW OFFICE**, 5200 Willson Road, Suite 150, Edina, MN 55424; Jonathan Scruggs and Nathan W. Kellum, **ALLIANCE DEFENSE FUND**, 699 Oakleaf Office Lane, Suite 107, Memphis, TN 38117, for intervenor defendant.

On June 23, 2010, plaintiff Twin Cities Pride initiated this action and moved for a temporary restraining order and a permanent injunction against defendant Minneapolis Park and Recreation Board ("MPRB"). Twin Cities Pride sought to exclude intervenor defendant Brian Johnson, an evangelical Christian, from Loring Park during the Twin Cities Pride Festival, the purpose of which is to celebrate gay, lesbian, bisexual, and transgender culture. Johnson has a history of attending the Festival, handing out Bibles, and discussing his anti-gay religious views with patrons of the Festival. This Court denied the relief sought, citing the competing First Amendment rights of Twin Cities Pride and Johnson. At the hearing on Twin Cities Pride's request for injunctive relief, the Court granted Johnson permissive intervenor status, noting that it would reassess Johnson's status at later proceedings. Johnson now moves for summary judgment on the original complaint. Because Twin Cities Pride sought and received leave to amend the complaint since Johnson filed for summary judgment, the Court denies the motion as moot. Furthermore, since the amended complaint has removed all reference to Johnson and instead seeks a broader remedy from the MPRB, the Court dismisses Johnson from the lawsuit as the MPRB can adequately represent his interests.

## BACKGROUND

The Twin Cities Pride Festival has been held in Loring Park for thirty-three of its thirty-eight years. It attracts attendees from the entire Upper Midwest. For the last fifteen years, Johnson has attended the Festival to discuss his views of Christianity and homosexuality. For the first four years of his attendance, Johnson walked around the

Festival and engaged with attendees.  For the next eleven years, Johnson obtained a permit for a booth to espouse his views.  In 2009, Johnson was denied a permit for a booth so he returned to walking through the Festival, discussing his views, and distributing Bibles.  At that Festival, he was arrested by the police and removed.

In 2010, Twin Cities Pride initiated this action to enjoin Johnson from returning to the Festival.  This Court denied Twin Cities Pride's motion for a temporary restraining order, holding that Twin Cities Pride was unlikely to succeed on the merits of its First Amendment claim.  *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park and Recreation Bd.*, 721 F. Supp. 2d 866, 870-71 (D. Minn. 2010).  The Court found that tension existed between Twin Cities Pride's right to tailor the expressive content of the Festival and Johnson's right to express his personal views in a public forum.  *Id.* at 871-73.  In the end, the Court found that the relief Twin Cities Pride requested of the MPRB, enjoining Johnson from distributing literature or holding signage, was not narrowly tailored to serve a significant governmental interest.  *Id.* at 875.

The Court noted that in a traditional public forum, reasonable restrictions on the time, place, and manner of protected speech must be "justified without reference to the content of the regulated speech, . . . narrowly tailored to serve a significant governmental interest, and . . . leave open ample alternative channels for communication of the information."  *Id.* at 874 (citing *Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989) (internal quotation marks omitted)).  The Court did observe that a potential compromise existed:

> In theory, Twin Cities Pride could designate "free speech zones" on the Pride Festival grounds in which anyone who wishes to distribute literature or display signage may do so.  MPRB police could enforce that area as a content-neutral restriction –assuming that those free speech zones provide attendees with ample alternative channels of expression, and assuming that oral communication would be permitted throughout the public forum. Attendees would thus have the opportunity to "reach the minds of willing listeners," and Twin Cities Pride would have the opportunity to disclaim the content of such expression.

*Id.* at 875 n.2 (internal citations omitted).

Twin Cities Pride and MPRB subsequently engaged in settlement discussions through the fall of 2010,[1] during which time they agreed to stay discovery.  When settlement negotiations stalled and the parties reached an impasse in November 2010, Twin Cities Pride moved for and was granted leave to file an amended complaint. (Docket No. 63.)  The amended complaint, filed after Johnson filed his motion for summary judgment, requests just the relief alluded to by the Court, free speech zones, and removes any reference to Johnson as an individual.  Discovery is ongoing and the Magistrate Judge agreed to an amendment of the discovery schedule in light of the earlier discovery delay while settlement negotiations were active.  (Docket No. 70.)

## ANALYSIS

## I.    STATUS OF THE AMENDED COMPLAINT

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."  *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).  As a result, Johnson's motion

---

[1] Johnson was invited to participate in these settlement negotiations but declined.  (Letter from Magistrate Judge, Docket No. 47.)

for summary judgment on the original complaint is moot as a matter of law.  *See, e.g.*, *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot a motion to dismiss or in the alternate for summary judgment regarding an original complaint when the complaint had been amended).

At the same time, some courts recognize that "defendants should not be required to file a new motion [for summary judgment] simply because an amended pleading was introduced while their motion was pending." 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1476 at 558 (3d ed. 2010); *see, e.g.*, *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641, n.1 (E.D. Pa. 1999) (allowing a motion to dismiss based on the original complaint to proceed since the amended complaint suffered the same deficiencies as the original).  In the instant case, however, Johnson had an opportunity to request leave to file an amended summary judgment motion at the hearing where the motion to amend the complaint was granted and chose not to do so.[2] The Court finds that, in these circumstances, Johnson's motion may not be considered an attack on the allegations contained in the amended complaint.   As discussed further below, the amended complaint renders the original complaint without legal effect and significantly alters the contours of this case.  Johnson's motion for summary judgment, based on the requests for relief contained in the original complaint, is therefore moot.

---

[2] In his reply brief Johnson addresses the amended complaint for the first time.  Twin Cities Pride moves to strike the pleading as raising new grounds for relief.  *See* Minn. L. R. 7.1(b)(3).  Since the Court denies Johnson's motion, the motion to strike is also denied as moot.

## II.    JOHNSON AS INTERVENOR

The Federal Rules delineate two types of intervention: intervention of right and permissive intervention.  Fed. R. Civ. P. 24.  Permissive intervention is granted at the court's discretion.  *Id.* 24(b).  The Court granted Johnson's motion for permissive intervention. *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities*, 721 F. Supp. 2d at 869 n.1.  However, at the motion hearing for the temporary restraining order the Court affirmed its right to revisit the issue at additional proceedings.

While a rare action, courts have been known to revoke intervenor status, and dismiss a defendant from a case who had been allowed to intervene, when the underlying circumstances of a case had changed.  "That the Court has the power and authority to conduct such a review of intervention status is clear: intervention does not carry with it an absolute entitlement to continue as a party until termination of the suit."  *Tasby v. Wright*, 109 F.R.D. 296, 298 (N.D. Tex. 1985).

In *Morgan v. McDonough*, the First Circuit considered whether the district court had acted improperly in dismissing an intervening party from a school desegregation action.  726 F.2d 11 (1st Cir. 1984).[3]  The Court of Appeals held that under either type of intervention, the district court had acted within its discretion.  The court noted that "[i]ntervention and withdrawal should be should be freely granted so long as it does not seriously interfere with the actual hearings."  *Id.* at 14 (quoting *Dowell v. Bd. of Educ.*, 430 F.2d 865, 868 (10th Cir. 1970)).  Given that the "district court needs the power to

---

[3] Since the district court had not identified if the party had been allowed to intervene as a matter of right under Rule 24(a) or permissively under 24(b), the First Circuit evaluated the question under both methods of intervention. *Morgan*, 726 F.2d at 12.

dismiss in order to manage complicated drawn-out proceedings efficiently[,]" the Court found that "to reverse the dismissal, [the intervenor] must at least demonstrate that it currently continues to fulfill all three requirements for intervention of right." *Id.*; *id.* at 13, n.3 (noting that the district court had found the "the duration and extent of [the intervenor's] participation in this case have significantly exceeded the court's intentions at the time [it] was granted status as an intervening party."). This showing is required since "[a]dditional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co.*, 207 F. Supp. 252, 257 (N.D. Ill. 1962) (internal quotation marks omitted) (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore*, 51 F. Supp. 972, 973 (D. Mass. 1943)). Applying these principles to this case, the Court concludes that Johnson, a **permissive** intervenor, must establish he has status as **of right** to avoid dismissal.

Even intervenors of right can have their status in a case change over time as the case evolves. "When a party that has been granted intervention as of right no longer meets the requirements for such intervention, a court properly dismisses that party from the case." *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 960, 968 (E.D. Mich. 2008); *see also Rosado v. Bridgeport Roman Catholic Diocesan Corp.*, 758 A.2d 916, 927, n.15 (Conn. Ct. App. 2000) ("A court also has the authority to dismiss intervenors once their interest in the matter has expired. Federal cases illustrate

that intervention as of right does **not** grant absolute entitlement to continue as a party until termination of the suit." (emphasis original)).

There are three requirements for intervention as a matter of right: 1) the putative intervenor must have an interest relating to the property or transaction that is the subject of the action, 2) the disposition of the action threatens to impair or impede the putative intervenor's ability to protect that interest, **and** 3) the putative intervenor is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Here, while the original complaint named Johnson, the amended complaint does not. The Order in which the Court granted Johnson intervenor status was a temporary restraining order motion related specifically to him, but the posture and parameters of the litigation has changed. Twin Cities Pride no longer asserts any demand for relief that relates specifically to Johnson. As a result, while Johnson may still have an interest related to the litigation, the MPRB can adequately represent Johnson's interests. *See Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 572 (8th Cir. 1998) (noting the presumption in an intervention motion is that the government adequately represents the interests of its citizens).

Even without the presumption that the government will adequately represent the interests of its citizens, "[t]he controlling rule here is that representation is adequate if there is no collusion between the representative and an opposing party; if the representative does not have or represent an interest adverse to the applicant; or if the representative does not fail in the fulfillment of his duty." *Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976). At the motion hearing, the parties agreed that there was no

indication of collusion between Twin Cities Pride and the MPRB, and the Court has observed so such collusion.  As a result, the Court finds that the MPRB can adequately represent Johnson's remaining interest.  Therefore, the Court dismisses Johnson as an intervenor.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Intervenor Brian Johnson is **DISMISSED** from the case.

2.     Johnson's Motion for Summary Judgment [Docket No. 41] is **DENIED as moot**.

3.     Twin Cities Pride's Motion to Strike Pleading [Docket No. 80] is **DENIED as moot**.

DATED:   April 4, 2011                          s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                               United States District Judge